# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-03197-001-TUC-JCH (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Abraham Garcia, | |
| Defendant. | |

Before the Court is Magistrate Judge D. Thomas Ferraro's Report and Recommendation ("R&R") recommending that the district court grant Defendant's alternative motion to require the election of charges as stated in Defendant's Motion to Dismiss Indictment or, in the Alternative, to Require the Government to Elect Between Charges. (Doc. 25.) No objections were filed and the time for filing an objection has elapsed. The Court will not consider any new arguments or evidence. The R&R will be adopted in full.

## I.      BACKGROUND

On November 22, 2021, the government filed a complaint alleging, *inter alia*, that "[o]n November 21, 2021, Abraham Garcia attempted to exit the United States and enter the Republic of Mexico through the Port of Entry in Lukeville, Arizona. Customs and Border Protection officers searched the vehicle Garcia was driving and located three firearms – one Glock model 43 9mm pistol, one Glock model 17 9mm pistol, and one Glock model 19 9mm pistol hidden inside the air filter compartment." (Doc. 1.) On

December 15, 2021 a grand jury returned a one count Indictment charging Defendant with both completed and attempted conduct in violation of 50 U.S.C. § 4819 and 15 C.F.R. parts 736.2, 738, and 774. (Doc. 12.)

On March 21, 2022, Defendant filed his Motion to Dismiss the Indictment or, in the Alternative, to Require the Government to Elect Between Charges arguing that the Indictment is duplicitious because it charges Defendant with both attempted and completed conduct. (Doc. 21 at 2.) As a remedy, Defendant seeks dismissal of the Indictment or, in the alternative, a requirement that the government elect between the attempt or completed offense alleged in the Indictment. *Id.* at 7. In the Government's Response to Defendant's Motion to Dismiss, the Government disputes that the Indictment is duplicitious but represents that it is willing to elect to proceed on the attempt charge. (Doc. 24 at 4.) The Government further represents that it intends to request a jury instruction that includes the fourth element for attempt. *Id.* at 5.

## II.     THE R&R

On April 14, 2022, Magistrate Judge Ferraro issued his R&R recommending that this Court grant Defendant's alternative motion to require election of charges, accept the Government's election, dismiss the surplus language, and deny any further relief. (Doc. 25 at 2.) Judge Ferraro recognized that "[a]n indictment should charge only one violation per count and is duplicitious when two or more distinct and separate offenses are joined in a single count." (Doc. 25 at 1, citing *United States v. Mancuso*, 718 F.3d 780, 792 (9th Cir. 2013)). Judge Ferraro also recognized that duplicity may be corrected if: "(1) the government elects between the charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed." *Id.* at 1-2 (quoting *United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186, 1192 (9th Cir. 2007)). Magistrate Judge Ferraro reasoned:

> Here, Defendant is charged with both completed and attempted conduct in Count One. (Doc. 10.) The Government elects the offense and states it will

> present evidence at trial that Defendant "attempted to export and send from the United States…one Glock model 43X 9mm pistol, one Glock model 17 9mm pistol, and one Glock model 19 9mm pistol, knowing the same to be intended for exportation contrary to any law or regulation of the United States." (Doc. 24 at 4-5.) Additionally, the Government intends to request a jury instruction that includes the fourth element for attempt. *Id*. at 5. This remedies any duplicity issue and is a permissible amendment.

(Doc. 25 at 2.)

### III.  STANDARD OF REVIEW

On review of a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 edition. *See also Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012 (reviewing for clear error unobjected-to portions of report and recommendation); *Thomas v. Arn*, 474 U.S. 140, 149 (noting that district courts are not required to conduct "any review at all…of any issue that is not the subject of an objection.").

### IV.  CONCLUSION

Having reviewed the record and the R&R, the Court finds no clear error with Magistrate Judge Ferraro's recommendation that the district court adopt the Government's election to proceed on the attempt charge and dismiss the surplus language. Accordingly,

**IT IS HEREBY ORDERED ACCEPTING AND ADOPTING IN FULL** the Report and Recommendation (Doc. 25).

**IT IS FURTHER ORDERED GRANTING IN PART AND DENYING IN PART** Defendant's Motion to Dismiss Indictment or, in the Alternative, to Require the Government to Elect Between Two Charges (Doc. 21). The Court **grants** Defendant's alternative motion to require the election of charges, **accepts** the Government's election

that it will present evidence on the attempt charge and seek a jury instruction that includes the fourth element for attempt, and **dismisses** the surplus language. Defendant's motion is otherwise denied.

Dated this 5th day of May, 2022.

_____
Honorable John C. Hinderaker
United States District Judge